IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MCDERMOTT GULF OPERATING COMPANY, INC., et al.,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | CIVIL ACTION 09-0206-WS-B |
| **CON-DIVE, LLC, et al.,** ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion to dismiss filed by defendant Con-Dive, LLC. (Doc. 80). The parties have filed briefs in support of their respective positions, (Docs. 81, 109, 111), and the motion is ripe for resolution.

**BACKGROUND**

Plaintiff McDermott Gulf Operating Company ("McDermott") is the owner of the Bold Endurance ("the Vessel"), an offshore service vessel. An entity related to McDermott entered a charter agreement with Con-Dive in August 2006, with McDermott succeeding to the former's rights. Another related entity acted as manager of the charter.

Con-Dive acquired an expensive saturation-diving system ("the Equipment") and placed it aboard the Vessel. Defendant Oceanografia S.A. de C.V. ("OSA") utilized the Equipment in the course of fulfilling contracts in or near Trinidad and Mexico. When the charter party expired on or about March 31, 2009, charter hire of approximately $5 million remained unpaid. The plaintiffs filed this action to recover the unpaid hire.

The plaintiffs moved for a writ of attachment pursuant to Supplemental Rule B, on the grounds that the defendants were not found in the district but that their property (the Equipment) was. (Doc. 2). The plaintiffs also moved for an order arresting the

Equipment pursuant to Supplemental Rule C, on the grounds that they had a maritime lien against it. (Doc. 3). The Magistrate Judge granted both motions in April 2009, (Docs. 6, 7), but the Court later granted OSA's motion to vacate and denied the plaintiffs' motion to stay pending appeal. (Docs. 77, 108).

In opposition to OSA's motion to vacate, the plaintiffs attempted to demonstrate that Con-Dive, not OSA, owns the Equipment. They succeeded in showing that Con-Dive purchased the Equipment from a vendor in 2006, but they offered nothing more recent than evidence that OSA purchased Con-Dive as a going concern in early 2008 without separately purchasing the Equipment. OSA, in contrast, produced clear and consistent evidence — including from a disinterested third party — that ownership was transferred to OSA in or about October 2008. The plaintiffs did not seriously question OSA's more recent evidence of ownership and did not attempt to show that ownership subsequently reverted to Con-Dive. The Court found as follows:

> The evidence, however, reflects that the Equipment is owned by OSA. The plaintiffs rely on documents showing Con-Dive as the purchaser of the Equipment in 2006, but the question is ownership in 2009. OSA has presented an American Bureau of Shipping ("ABS") certificate from October 2008 listing the owner as OSA. (Doc. 42, Exhibit H). The plaintiffs can scarcely challenge the probative value of the ABS certificate, since they rely on ABS records from 2006 to show ownership by Con-Dive. (Doc. 42, Exhibit C).
> 
> In more detail, the evidence reflects that Con-Dive purchased the Equipment in 2006, which both the seller's records and ABS records describe as the "Orca" saturation diving system. (Doc. 42, Exhibit C). From approximately October 11 to 13, 2008, the ABS performed a survey of the Equipment as the Vessel lay off the Campeche coast. (Doc. 51, Exhibit H). Certain ABS records from this period reflect the Equipment as the Orca system. (*Id.*). On October 13, ABS issued a certificate of classification for a "Hipocampo IX," described as a "saturation diving system" aboard the Vessel. Another ABS document from October 2008 states that the Hipocampo IX is the new name for the equipment previously known as the Orca. (*Id.*, Exhibit I). [footnote: The plaintiffs admit there was only one saturation diving system on the Vessel. (Doc. 41 at 3-4).] The certificate of classification identifies OSA as the owner of the Equipment. (*Id.*, Exhibit H).

> Confused by reports of ABS documents addressing both Orca and Hipocampo, the plaintiffs asked for clarification. (Doc. 51, Exhibit I). OSA's representative responded on October 22 that "[t]he SAT DIVE SYSTEM is the same, we just changed name and ownership ...." (*Id*.). This information echoes an October 15 notice from a Con-Dive representative to "whom it may concern" that "the ORCA Saturation Diving System is now property of [OSA]." (Doc. 51, Exhibit G & Attachment 1).
> In light of this evidence, there is no serious question of ownership. For purposes of the pending motion, the Court finds that OSA owns the Equipment.

(Doc. 77 at 5-6).

## DISCUSSION

Con–Dive moves to dismiss based on improper venue and lack of personal jurisdiction.

**I. Venue.**

The parties agree that their charter agreement contains an enforceable forum selection clause requiring that "any dispute [be] resolved in the Supreme Court of Nova Scotia or any Federal Court of Canada." (Doc. 29, Exhibit A at 10). The plaintiffs concede that this clause bars any action in this forum other than for maritime attachment. (Doc. 109 at 1-3). Their complaint, however, seeks a multi-million dollar award against Con-Dive for unpaid charter hire. (Doc. 1 at 5, ¶ 4). Given their concession as to the limited exception to the forum selection clause's reach, the plaintiffs cannot pursue in this district their claim against Con-Dive for charter hire.

The plaintiffs note that forum selection clauses do not extend to maritime attachments outside the selected forum unless the clause specifically provides otherwise. (Doc. 109 at 1-3). Con-Dive agrees with this general rule and further agrees that the instant forum selection clause is insufficiently specific to prohibit attachments outside of Canada. (Doc. 111 at 1-2). Because it is not barred by the forum selection clause, the attachment aspect of the plaintiffs' lawsuit was not brought in an improper venue.

In summary, all aspects of the plaintiffs' case against Con-Dive, other than maritime attachment, are due to be dismissed for improper venue.

## II. Personal Jurisdiction.

The plaintiffs admit that personal jurisdiction over Con-Dive rests exclusively on their attachment of the Equipment. (Doc. 109 at 4). However, a plaintiff can obtain attachment only of "the defendant's tangible or intangible personal property." Supplemental Admiralty Rule B(1)(a). As noted above, the Court has found that the Equipment has at all relevant times been the property of OSA, not Con-Dive. The plaintiffs did not seriously challenge the evidence on which the Court relied, and even now they do not assert that the finding was erroneous. Since the plaintiffs have never attached property of Con-Dive, they have never obtained personal jurisdiction over Con-Dive via attachment. Since they admittedly have no other basis for claiming personal jurisdiction, this action as to Con-Dive is due to be dismissed for want of personal jurisdiction.

## CONCLUSION

For the reasons set forth above, Con-Dive's motion to dismiss is **granted**. Con-Dive is **dismissed** as a defendant to this action.

DONE and ORDERED this 20th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE